UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAREEM H. WARD,

        Plaintiff,

    -v-                             **MEMORANDUM AND ORDER**
                                                                 23-CV-4037 (NRM) (LB)

PROJECT HOSPITALITY SHELTER,
LIZETTE COLON,

        Defendants.
------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

        Plaintiff Kareem H. Ward filed this *pro se* complaint on June 2, 2023 pursuant to 42 U.S.C. § 1983.[1]  ECF No. 1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted pursuant to 28 U.S.C. § 1915(a).  For the reasons that follow, the action is dismissed with leave to amend.

## BACKGROUND

        Plaintiff alleges that Project Hospitality refused to place him "in housing as a client" and that state court Judge Lizette Colon "rejected" the civil complaint he filed.  ECF No. 1 at 5.  He seeks a housing placement "not connected to any of DHS['s] supportive housing facilities," an order of protection, and $300,000 in damages.  *Id.* at 6.

---

[1] On the same day, Plaintiff filed a separate complaint against the Social Security Administration.  *See Ward v. Soc. Sec. Admin.*, No. 23-CV-4034 (NRM) (LB) (EDNY).

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

However, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff is proceeding pursuant to 42 U.S.C. § 1983. This statute provides, in pertinent part, that:

2

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

Plaintiff cannot sue Judge Colon because he is dissatisfied with the ruling she issued after he filed his complaint in state court. It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (same). As the alleged wrongdoing of this Defendant was an act performed in a judicial capacity, Plaintiff's claim is barred by absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff cannot sue Project Hospitality Shelter under 42 U.S.C. § 1983 because it is a not-for-profit, private entity.[2] Section 1983 "constrains only state

---

[2] *See* Project Hospitality, https://projecthospitality.org (last visited August 11, 2023).

3

conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab'y*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Access to shelter is also not a constitutional right, nor is there any affirmative government obligation under the Constitution to provide adequate housing. *Lindsey v. Normet*, 405 U.S. 56, 74 (1972). In addition, "New York City has chosen to provide homeless services, and City and state agencies regulate housing conditions and facilitate access to housing. But '[t]hat legislative policy choice in no way makes these services the exclusive province of the State.'" *Reaves v. Dep't of Veterans Affs.*, No. 08-CV-1624 (RJD), 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009), *as corrected* (Jan. 14, 2009) (quoting *Rendell-Baker,* 457 U.S. at 842). Accordingly, Plaintiff has failed to state a claim under §1983 against Project Hospitality. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, the action, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within 30 days from the date of this Order. The amended complaint must set forth facts alleging a basis for this Court's subject matter jurisdiction, including the date and location of all relevant events and a brief description of what each defendant did or failed to do.

If Plaintiff decides to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Order, 23-CV-4037 (NRM) (LB). The amended complaint shall replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within the time allowed or fails to show good cause why he cannot comply within the time allowed, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is requested to mail a copy of this Memorandum and Order to Plaintiff.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, to inquire whether they might be able to provide him with free, limited-scope legal assistance.

SO ORDERED.

        /s/ NRM
        NINA R. MORRISON
        United States District Judge

Dated:    August 11, 2023
           Brooklyn, New York